UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-1806

OFFICIAL UNSECURED CREDITORS' COMMITTEE,

Creditor - Appellant,

versus

PENSION BENEFIT GUARANTY CORPORATION,

Creditor - Appellee,

HARRIET & HENDERSON YARNS, INCORPORATED,

Debtor - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (CA-04-917)

Submitted: January 26, 2006          Decided: February 9, 2006

Before WILKINS, Chief Judge, WILLIAMS, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

David M. Grogan, David H. Conaway, David A. Matthews, SHUMAKER, LOOP & KENDRICK, L.L.P., Charlotte, North Carolina, for Appellant. Jeffrey B. Cohen, Chief Counsel, Israel Goldowitz, Deputy Chief Counsel, Nathaniel Rayle, Attorney, PENSION BENEFIT GUARANTY CORPORATION, Office of the Chief Counsel, Washington, D.C., for Appellee Pension Benefit Guaranty Corporation; Tyler P. Brown, J.

R. Smith, HUNTON & WILLIAMS, Richmond, Virginia, for Appellee
Harriet & Henderson Yarns, Inc.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM

The Official Committee of Unsecured Creditors (the Committee) appeals the district court's order affirming the bankruptcy court's order, which allowed the Pension Benefit Guaranty Corporation (PBGC) to amend a prior claim and approved a settlement between PBGC and Harriet & Henderson Yarns, Inc. (the Debtor). For the reasons that follow, we affirm.

On July 15, 2003, the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code. See 11 U.S.C.A. § 1101 et seq. (West 2004). On its schedule, the Debtor listed PBGC's claim in the amount of $2,604,000. On February 17, 2004, PBGC filed an amended proof of claim in the amount of $18,720,000. The Committee filed an objection to PBGC's amended claim, arguing that it was filed after the claims bar date. On September 15, 2004, the Debtor and PBGC reached a settlement agreement, under which PBGC would receive a general unsecured claim in the amount of $10,200,000 as well as an administrative claim of $25,000. The Committee then filed an objection to the proposed settlement, arguing that it was neither reasonable nor in the best interests of the Debtor's estate.

The bankruptcy court found that PBGC's February 17, 2004 claim amended the original claim listed on the schedule, and was therefore timely. The bankruptcy court also approved the settlement, finding that it was in the best interests of the Debtor

and its creditors.  In a June 13, 2005 order, the district court affirmed the bankruptcy court's order.  The Committee timely appealed, again arguing that PBGC's amended proof of claim was untimely and that the settlement should not be approved.

We review de novo the judgment of a district court sitting in review of a bankruptcy court.  In re Bogdan, 414 F.3d 507, 510 (4th Cir. 2005).  Specifically, we review a bankruptcy court's factual findings for clear error and questions of law de novo.  Id.  We review for abuse of discretion the decisions to approve a settlement agreement, Hensley v. Alcon Labs., Inc., 277 F.3d 535, 541 (4th Cir. 2002), and to allow an amendment to a proof of claim. In re Davis, 936 F.2d 771, 775 (4th Cir. 1991).

We have reviewed the record, briefs, and applicable case law on this matter.  Our careful review persuades us that the rulings of the district court were correct.  Accordingly, we affirm the district court's order on the reasoning of the district court.  See Official Comm. of Unsecured Creditors v. Pension Benefit Guar. Corp., No. 5:04-CV-917-BO(3) (E.D.N.C. Jun. 13, 2005).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED